# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**v.**                                                                       Case No. 1:06MJ48

**ROBERT HOWARD,**

     **Defendant.**

### ORDER/OPINION

On September 25, 2006, came the United States by Zelda E. Wesley, its Assistant United States Attorney, and Robert Howard, in person and by his counsel, Lance Rollo, on the criminal complaint filed against him on September 20, 2006, and for a hearing on the written motion of the United States for detention of Defendant pending further proceedings.

After determining Robert Howard had received, read, and had the opportunity to review and discuss the charges contained in the criminal complaint with his counsel, the Court proceeded to hear evidence presented by the United States in the form of the sworn testimony of ATF Special Agent Gregory Perry relative to the issues of probable cause and detention. The Court also admitted into evidence three (3) Government Exhibits (1, 1A, and 2), and received and considered the Pretrial Services Report prepared by Pretrial Services Officer Mark McKee relative to the issue of detention.

Upon consideration of the evidence presented and in accord with the oral findings made by the Court on the record of the hearing, the Court finds there is probable cause to believe that, on or about September 18, 2006, at or near Clarksburg, Harrison County, West Virginia, within the Northern District of West Virginia, Robert Howard:

[c]onspire[d] with another individual to obtain a firearm by deceiving a licensed FFL

regarding the lawful nature of the sale of a firearm and aided and abetted another person in the attempted acquisition of firearms from a licenses FFL by knowingly making a false and fictitious written statement intended or likely to deceive the FFL with respect to a material fact regarding the lawfulness of the sale of the firearm in violation of Title 18, United States Code, Sections 371 and 922(a)(6).

With respect to the motion of the United States for detention of Robert Howard, the Government contends there is a serious risk Defendant will flee and a serious risk of obstruction of justice, and therefore there are no conditions of release which will reasonably assure Defendant's appearance as required and the safety of any other person and the community.

Title 18 § 3142(g) provides the specific factors that are to be considered to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. Those factors are:

(1) The nature and consequences of the offense;

(2) The weight of the evidence;

(3) The history and characteristics of the person; and

(4) The seriousness of the danger to any person or the community that would be posed by the person's release.

The United States Court of Appeals for the Fourth Circuit has interpreted these standards as they relate to the issue of danger to any person or the community that would be posed by the persons's release in United States v. Williams, 753 F.2d 329 (4th Cir. 1985). The Fourth Circuit has set a stringent standard for pretrial detention in accordance with legislative history of the statute as set forth in S.Rep.No. 98-225, 98th Cong., 2nd Sess., 3 (1983). That report indicated that detention would involve cases in which there were one or more of the following:

(1) A continuing pattern of criminal activity;

(2) Major drug felonies;

(3) Importing and distribution of controlled substances;

(4) Flight was a high risk in a major drug trafficking offense;

(5) Substantial ties to organizations outside the United States involved in the exportation of controlled substances; and

(6) Large financial resources and foreign contacts to escape.

Applying the legal standards herein set forth, and in addition to the reasons set forth on the record of the detention hearing, the Court finds clear and convincing evidence that:

1) Robert Howard has the following criminal history:

- a) 9/05/2000 Adjudicated delinquent on a charge of Burglary with no Person Present. Warned, counseled, and case closed.

- b) 9/05/2000 Adjudicated delinquent on two counts of Auto Theft by Receiving Stolen Property and one count of Theft by Unlawful Taking. Warned, counseled, and case closed.

- c) 9/05/2000 Adjudicated delinquent on three counts of Auto Theft by Receiving Stolen Property. Warned, counseled, and case closed.

- d) 9/25/2000 Adjudicated delinquent on a charge of Burglary with no Person Present. Placed at Summit Academy near Pittsburgh. Later released on probation. Violated probation, placed at George Junior Republic.

- e) 2/14/02 Adjudicated delinquent on charges of Theft by Receiving Stolen Property and Unauthorized use of a Motor Vehicle. Placed in Juvenile Facility. Released to probation on 8/22/02.

- f) 11/9/03 Six months probation plus fine and costs on a charge of Violation of Controlled Drug Device and Cosmetic Act.

g) 8/29/06 One year probation and 30 day probation concurrent on charges of Possession of Controlled Substance Second or Subsequent Offense, and Possession or Distribution of Marijuana.

h) 9/19/06 Bench warrant issued on charges of Robbery – Inflict Serious Bodily Injury; Robbery – Threat Immediate Serious Injury; and Robbery – Take Property from Other by Force. The charges stem from two alleged thefts from women in their vehicles on December 22, 2005. Defendant allegedly threatened each of the women with serious bodily injury, claiming he possessed a firearm and would use it.

2) Although Defendant objects to and denies the last allegation in his criminal history as reported in the Pretrial Services Report, the report of Defendant's prior criminal history includes a bench warrant for two violent felony offenses in Allegheny County, Pennsylvania, which has been lodged as a detainer.

3) Those allegations include threatening two women with the use of a firearm.

4) The events in the final allegation took place while Defendant was on probation for a drug crime.

From the clear and convincing evidence, the Court concludes that Defendant poses a significant risk and danger to the community if released. He is charged with attempting to obtain firearms, and is wanted for two robberies that allegedly included the threat of using a firearm. Those alleged offenses occurred while Defendant was on probation, presumably under terms and conditions of release. The undersigned therefore does not know of any terms and conditions of release this Court could fashion that would protect the community from Defendant's continuing criminal conduct.

It is therefore **ORDERED** that Robert Howard be bound over for proceedings before a Grand Jury attending the United States District Court for the Northern District of West Virginia.

It is further **ORDERED** that the United States' Motion to Detain Defendant pending further proceedings in this case is **GRANTED.**

It is further **ORDERED**:

1. The defendant be, and he is hereby remanded to the custody of the United States Marshal pending further proceedings in this case;

2. The defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED this 29 day of September, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE